UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-52577-PWB |
| CYNTHIA WILLIAMS, | : | CHAPTER 7 |
| Debtor. | : | |
| S. GREGORY HAYS, as Chapter 7 trustee for the estate of Cynthia Williams, | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. _____ |
| LEON WILLIAMS, | : | |
| Defendant. | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Plaintiff**" or "**Trustee**") for the bankruptcy estate of Cynthia Williams (the "**Bankruptcy Estate**" or "**Estate**"), by and through undersigned counsel, and files this *Complaint* against Leon Williams (the "**Defendant**"), and respectfully shows the Court as follows:

**Jurisdiction and Venue**

1.

This Court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 363(h) and 542(a). because the claims asserted herein arise under Title 11 of the United States Code (the "**Bankruptcy Code**"). Defendant is subject to the jurisdiction of this Court.

1

2.

This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157 (b)(2).

3.

This adversary proceeding is initiated under Rules 7001(1) and (3) of the Federal Rules of Bankruptcy Procedure

4.

Defendant is subject to the jurisdiction of this Court and may be served under Rule 7004(b)(1) of the Federal Rules of Bankruptcy Procedure by first class United States Mail.

5.

This adversary proceeding arises in and relates to the Chapter 7 bankruptcy case *In re Cynthia Williams*, Case No. 21-52577-PWB (the "**Case**" or "**Bankruptcy Case**"), pending in the Northern District of Georgia, Atlanta Division.

6.

This Complaint is a core proceeding pursuant to 28 U.S.C. §157.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because Debtor's case is pending in this district and this division.

8.

Trustee consents to the entry of final orders or judgment by the Bankruptcy Court.

**Statement of Facts**

*a. General Background Facts*

9.

Debtor Cynthia Williams ("**Debtor**") initiated the Bankruptcy Case by filing a voluntary petition (the "**Petition**") for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on March 30, 2021 (the "**Petition Date**").

10.

Shortly thereafter, Trustee was appointed to the Bankruptcy Case as interim Chapter 7 Trustee under 11 U.S.C. § 701(a)(1).

11.

At the conclusion of the Chapter 7 meeting of creditors, conducted in accordance with 11 U.S.C. § 341(a) on May 4, 2021, Plaintiff became the permanent Chapter 7 Trustee under 11 U.S.C. § 702(d).

*b. The Property*

12.

On March 30, 2021, Debtor filed her schedules of assets and liabilities [Doc. No. 1] (the "**Schedules**") together with her Statement of Financial Affairs [Doc. No. 1] (the "**SOFA**").

13.

On her Schedule A/B, Debtor indicated she does not own any real property.

14.

On her Petition, Debtor indicated that her residence was 1170 Valentine Court, Riverdale, GA 30296.

15.

Based on Trustee's research, Debtor and her husband, Leon Williams (or, Defendant), are the co-owners of Property located at 6801 Bryanstone Way, Fayetteville, (Cumberland County), NC (the "**Property**"). Based on Trustee's research, the Property is unencumbered and may have a value of $229,400.00.

16.

On November 11, 2023, Debtor filed a Notice of Change of Address (Doc. No. 37), indicating that her address is the Property.

### COUNT I

### Claim for Authority to Sell Property of the Bankruptcy Estate Free and Clear of Defendant's Liens, Claims, and Interests under 11 U.S.C. § 363(h)

17.

Plaintiff realleges the allegations of paragraphs 1 through 16 above as though fully set forth herein.

18.

The Defendant and Debtor jointly own the Property, all improvements thereon, and fixtures attached thereto.

19.

Partition in kind of the Property is not practicable.

20.

The Bankruptcy Estate would derive very little benefit attempting to sell an undivided one-half interest in the Property to anyone other than Debtor or Defendant.

4

21.

Most of, if not all, the Property's benefit to the Bankruptcy Estate would be eliminated if Trustee were unable to sell Defendant's interest in the Property.

22.

By selling the Property, there would be a significant benefit (i.e., increased value) that far outweighs any detriment to Defendant because he would receive one-half of any net sale proceeds.

23.

Under 11 U.S.C. § 363(i), either Defendant or Debtor is free at any time to purchase the Bankruptcy Estate's interest in the Property.

24.

The Property is not used in the production, transmission, or distribution for sale of electric energy or of natural synthetic gas for heat, light, or power.

25.

Under 11 U.S.C. § 363(h), Plaintiff is entitled to a judgment authorizing the sale of Defendant's interest in the Property and reimbursement for all costs incurred in this action, including interest and attorney's fees.

## COUNT II

### (Claim for Turnover under 11 U.S.C. § 542)

26.

Plaintiff realleges the allegations of paragraphs 1 through 25 above as though fully set forth herein.

27.

Plaintiff's interest in the Property became property of the Bankruptcy Estate as of the Petition Date.

28.

Plaintiff seeks immediate turnover of the Property by Defendant or, alternatively, an order and judgment of turnover effective immediately so Plaintiff may proceed with the marketing, showing, and selling of the Property.

WHEREFORE, Plaintiff prays that this Court enter a judgment in favor of Plaintiff and against Defendant:

a) authorizing the sale of Defendant's interest and the Bankruptcy Estate's interest in the Property under 11 U.S.C. § 363(h);

b) requiring the turnover of the Property to Plaintiff under 11 U.S.C. § 542;

c) reimbursing Plaintiff for all costs incurred in this action, including interest and attorney's fees; and

d) granting such other and further relief as is just and proper.

Respectfully submitted this 5th day of March, 2025.

                ROUNTREE LEITMAN KLEIN & GEER LLC
                *Attorneys for Plaintiff*

                By: */s/ Michael J. Bargar*
                    Michael J. Bargar
                    Georgia Bar No. 645709
                    mbargar@rlkglaw.com

2987 Clairmont Road, Suite 350
Atlanta, GA 30329
P: (404) 410-1220